UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY,

                Plaintiff,

       -against-

SELECTIVE INSURANCE COMPANY OF AMERICA
and BK TILE AND STONE INC.,

                Defendants.

------------------------------------------------------------------X

No. _____

**COMPLAINT**

Plaintiff, The Travelers Indemnity Company ("Travelers"), by its attorneys, Rivkin Radler LLP, as and for its Complaint herein, alleges upon information and belief as follows:

### Nature of the Action

1.    In this action, Travelers seeks a declaration that Defendant, Selective Insurance Company of America ("Selective"), has a primary duty to defend and to indemnify MPCC Corp. ("MPCC") in connection with an underlying personal injury action (the "Underlying Action") filed by Neury A. Valks (the "Claimant") seeking damages for injuries he allegedly sustained when he allegedly fell from a scaffold while working for Defendant, BK Tile and Stone Inc. ("BK Tile") on a construction project (the "Project") at premises located at 51 Fanchon Place, Brooklyn, New York (the "Project") in which Travelers is defending MPCC, its named insured, and to reimburse past defense costs. Travelers seeks coverage for MPCC as an additional insured under a primary and umbrella liability policy(ies) issued by Selective to BK Tile, MPCC's subcontractor and the Claimant's employer.

### The Parties

2.    At all times relevant hereto, Plaintiff, Travelers, was and is a Connecticut

corporation, with a principal place of business located in Hartford, Connecticut.

3. At all times relevant hereto, Defendant, Selective, was and is a New Jersey corporation with a principal place of business in New Jersey.

4. At all times relevant hereto, Selective engaged in the business of issuing policies of liability insurance in the State of New York.

5. At all times relevant hereto, BK Tile was and is a New York corporation with a principal place of business in New York.

## Jurisdiction and Venue

6. This Court has original, subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7. There is complete diversity of citizenship between Plaintiff, Travelers, and Defendants, Selective and BK Tile, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## Insurance Policies

9. Travelers issued Commercial General Liability Policy DT-CO-4D015397-IND-17 to MPCC for the policy period July 19, 2017 to July 19, 2018, with limits of liability of $2 million each occurrence (the "Travelers Policy").

10. The Travelers Policy generally provides coverage for sums an insured is legally obligated to pay as damages because of bodily injury that takes place during the policy period and is caused by an accident, and a duty to defend any suit seeking such damages.

11. The Travelers Policy contains an excess "other insurance" clause that provides that coverage under the Travelers Policy is excess over any other insurance, whether primary,

excess, contingent or on any other basis that is available to the insured as an additional insured.

12. Selective issued Commercial General Liability Policy and Umbrella Liability Policy 22083238 to BK Tile for the policy period July 16, 2017 to July 16, 2018, with a primary limit of $1 million each occurrence and umbrella limit of $5 million each occurrence (the "Selective Policy").

13. The Selective Policy generally provides coverage for sums an insured is legally obligated to pay as damages because of bodily injury that takes place during the policy period and is caused by an accident, and a duty to defend any suit seeking such damages.

14. By endorsement, MPCC is an additional insured under the Selective Policy for liability for bodily injury caused, in whole or in part, by BK Tile's ongoing operations.

15. Additional insured coverage for MPCC under the Selective Policy is primary.

16. Additional insured coverage for MPCC under the Selective Policy is primary to MPCC's coverage under the Travelers Policy, which is excess.

**Background Facts**

17. MPCC was the general contractor for the Project.

18. By Purchase Order dated August 28, 2017, MPCC retained BK Tile to furnish, deliver, and install ceramic tile at the Project (the "Contract").

19. Pursuant to the Contract, BK Tile agreed to be responsible for its own work and to provide all necessary safety equipment for its work. Additionally, BK Tile agreed to procure and to maintain liability insurance with limits of at least $2 million in primary coverage and $5 million in umbrella coverage and to name MPCC as an additional insured on such coverage on a primary and noncontributory basis.

20. On September 26, 2017, the Claimant, an employee of BK Tile, was allegedly

injured when he fell from a scaffold owned and assembled by BK Tile (the "Accident").

21. At the time of the Accident, the Claimant was working in the course of his employment with BK Tile when the corner of the scaffold that he had assembled with a BK Tile co-worker gave way and the platform on which he was standing fell.

22. MPCC did not own or assemble the scaffold on which the Claimant was standing at the time of the Accident.

23. On or about January 2, 2020, the Claimant filed the Underlying Action against MPCC in New York Supreme Court, Westchester County, under index number 50002/2020, seeking damages for the injuries he allegedly sustained as a result of the Accident.

24. In the Underlying Action, the Claimant alleges, among other things, that MPCC and its "agents" were negligent in "permitting and allowing [the Claimant] to work under dangerous and hazardous conditions"; failed to provide the Claimant "with a safe place to work"; "failed to take proper precautions and safeguards to prevent the happening of the accident"; and "permitted and allowed [the Claimant] to work under dangerous and unsafe conditions".

25. The Claimant asserts claims for negligence and violations of New York Labor Law §§ 200, 240 and 241.

## Tender to Selective

26. MPCC and Travelers timely placed Selective on notice of the Accident and the Underlying Action and demanded that Selective acknowledge its primary obligation to defend and to indemnify MPCC in the Underlying Action.

27. To date, Selective has refused to acknowledge its obligation to defend and to indemnify MPCC in the Underlying Action.

28. An actual controversy exists between Travelers and Selective with respect to

Selective's duty to defend and to indemnify MPCC in the Underlying Action.

29. BK Tile, Selective's named insured, is named as an interested party.

30. Travelers has no adequate remedy at law.

## Claim for Declaratory Relief

31. Travelers realleges the allegations contained in paragraph "1" through paragraph "30" as if fully set forth herein.

32. The Selective Policy was in full effect on the date of the Accident.

33. All terms and conditions of the Selective Policy, including payment of premiums, have been complied with and met.

34. The Accident and the Underlying Action fall within the coverage afforded by the Selective Policy.

35. MPCC qualifies as an additional insured under the Selective Policy.

36. Pursuant to the Selective Policy, MPCC is entitled to defense and indemnity from Selective for the Underlying Action.

37. Selective's obligation to defend and to indemnify MPCC under the Selective policy is primary to Travelers' obligation under the Travelers Policy.

## Claim for Breach of Contract

38. Travelers realleges the allegations contained in paragraph "1" through paragraph "37" as if fully set forth herein.

39. The Selective Policy was in full effect on the date of the Accident.

40. The Accident and the Underlying Action fall within the coverage afforded by the Selective Policy.

41. All terms and conditions of the Selective Policy, including payment of premiums,

5

have been complied with and met.

42. Selective has breached its obligation to defend and to indemnify MPCC in the Underlying Action.

43. As a result of Selective's breach, Travelers has been required to defend and to indemnify MPCC in the Underlying Action.

44. Travelers has suffered and will continue to suffer on account of Selective's failure to fulfill its obligations under the Selective Policy and, as such, Selective is liable for any and all damages by virtue of its breach of its obligations, including past defense costs.

### Claim for Restitution

45. Travelers realleges the allegations contained in paragraph "1" through paragraph "44" as if fully set forth herein.

46. Selective is obligated to defend and to indemnify MPCC in the Underlying Action.

47. Selective has refused to defend and to indemnify MPCC in the Underlying Action.

48. As a result of Selective's refusal to defend and to indemnify MPCC in the Underlying Action, Travelers has been required to defend and to indemnify MPCC in the Underlying Action.

49. Selective has been unjustly enriched in an amount equal to all amounts paid to defend and to indemnify MPCC in the Underlying Action.

50. Selective is required to make restitution because Selective will otherwise be unjustly enriched.

**Claim for Equitable Contribution**

51. Travelers realleges the allegations contained in paragraph "1" through paragraph "50" as if fully set forth herein.

52. Selective is obligated to defend and to indemnify MPCC in the Underlying Action.

53. Selective has refused to defend and to indemnify MPCC in the Underlying Action.

54. As a result of Selective's refusal to defend and to indemnify MPCC in the Underlying Action, Travelers has been required to defend and indemnify MPCC in the Underlying Action.

55. Travelers is entitled to equitable contribution from Selective for amounts paid to defend and to indemnify MPCC in the Underlying Action.

**Prayer For Relief**

WHEREFORE, Travelers respectfully requests that the Court enter a judgment as follows:

a) Declaring that Selective has a duty to defend and to indemnify MPCC in the Underlying Action under the Selective Policy on a primary and non-contributory basis and to reimburse for past expense;

b) Awarding Travelers all damages incurred by virtue of Selective's breach of its obligation to defend and to indemnify MPCC in the Underlying Action;

c) Awarding Travelers as restitution an amount equal to amounts paid to defend and to indemnify MPCC in the Underlying Action by virtue of Selective's unjust enrichment;

d) Awarding Travelers equitable contribution from Selective for amounts paid to defend and to indemnify MPCC in the Underlying Action;

e) Awarding Travelers indemnification from Selective for amounts paid to defend and to indemnify MPCC in the Underlying Action; and

f) Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: Uniondale, New York
September 7, 2022

                                       RIVKIN RADLER LLP
                                       Attorneys for Plaintiff

By:    *Joanne M. Engeldrum*

        Joanne M. Engeldrum, Esq.
        926 RXR Plaza
        Uniondale, New York 11556-0926
        (516) 357-3000